Shaw, C. J.
This is an action on the case, by an administrator, for damage sustained by Mrs. Hollenbeck, the plaintiff’s intestate, by the negligence of the engineers, conductors and managers of the defendants, by means of which she lost her life
*480 The question, presented for the consideration of the court, in the present case, is, whether the facts, stated in the report, show a cause of action which accrued to the intestate in her lifetime, and which survived to her administrator, by force of the St. 1842, c. 89, § 1.
That statute provides, that the action of trespass on the case, for damage to the person, shall hereafter survive; so that, in the event of the death of any person entitled to bring such action, or liable thereto, the same may be prosecuted or defended by or against his executor or administrator, in the same manner as if he were living.
In the two cases cited in the argument — Kearney v. The Boston & Worcester Railroad Corporation, and Mann v. The Same, ante, 108 — an attempt was made by the court to put a practical construction upon this statute. In doing so, it was necessary to consider what was the law before the statute. It is perfectly well settled, as a rule of the common law, that all rights of action for injury to the person die with the person; and it follows, therefore, that if either the plaintiff or defendant should die before judgment, any existing action, brought to recover such damage, must abate ; and if none had been brought by the party injured, none could be commenced by his personal representative. It was the obvious purpose of the statute to reverse this rule of law; to provide that the right of action should survive, as in cases of damage to property, and, of course, be liable to be prosecuted by or against an executor.
The question, in deciding whether any case is within the statute, is, whether the sufferer survived; that is, lived after the act was done which constitutes the cause of action. Life or death, that is the test. If the death was instantaneous, and, of course, simultaneous with the injury, no right of action accrues to the person killed; and, of course, none to which the statute can apply. But if the party survives, lives after it, the right of action accrues to him, as a person in esse, and his subsequent death does not defeat it, but, by operation of the statute, vests it in the personal representative.
As in case of inheritance and descent cast, the law con *481 templates a pimctum, or precise moment of time, which separates life from death; and that is the precise time at which the inheritance passes, and vests in the heir. And although it is a fact sometimes difficult to be ascertained by physical indications, and still more difficult to prove satisfactorily by evidence, yet, like other facts of the like kind, upon which important and valuable rights depend, it must be ascertained and proved by the best evidence which the nature of the case will admit.
We think the accruing of the right of action does not depend upon intelligence, consciousness, or mental capacity of any kind, on the part of the sufferer. A right may accrue, by operation of law, to one in extremis, when it requires no act, or assent, or even consciousness on his part. Should a person, who is heir to his father, be in the lowest condition, but still heir at the moment of the death of his father, the descent would be cast on him, although he might never know it.
On examination of the evidence, a statement of which in writing is exhibited, it seems placed beyond doubt that Mrs. Hollenbeck lived from fifteen to twenty hours after the accident by which she lost her life; during which time she breathed, swallowed, the blood circulated, and she uttered sounds and manifested signs of life. There is evidence, perhaps not so decisive and satisfactory, that during a considerable part of that time, she manifested intelligence and consciousness, made voluntary motions, and attempted to speak. But, independently of this evidence, we think the evidence conclusive that life remained, and that, within the meaning of the statute, the cause of action accrued to her during her life, and the action may be commenced and main ■ tained by the plaintiff, as her administrator.

Judgment for the plaintiff.